UNITED STATES of America,
Appellee,

v.

Kevin THOMPSON, Maurice Clarke,
Defendants–Appellants,

and

Ibn Lee, Larry Williams, Shawn
McCoy, Defendants.

Nos. 06–1823–cr(L), 06–3793–cr(CON).

United States Court of Appeals,
Second Circuit.

May 29, 2008.

Stephanie M. Carvlin, New York, NY, for Defendant–Appellant Thompson.

Alan M. Nelson, Lake Success, NY, for Defendant–Appellant Clarke.

Christian R. Everdell, Assistant United States Attorney (Michael J. Garcia, United States Attorney, John M. McEnany, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendants-appellants Kevin Thompson and Maurice Clarke were convicted, after a jury trial, of participating in defendant Larry Williams' crack distribution operation, whose locale shifted from the Bronx to Newport News, Virginia, and back to the Bronx with a short foray into South Carolina. Defendants Thompson and Clarke appeal from judgments of conviction sentencing Thompson principally to 240 months' imprisonment and Clarke principally to 300 months' imprisonment. On appeal, both contend that the District Court committed reversible error in declining to give a multiple conspiracies charge at trial. They also argue that the evidence was insufficient to convict them of using and carrying a firearm during and in relation to a drug trafficking crime. Separately, Thompson argues that the admission of Clarke's post-arrest statements violated his right of confrontation under the Sixth Amendment. Clarke argues that the Court erred by not suppressing the gun recovered from his waistband at the time of his arrest and, in the calculation of the applicable Sentencing Guideline range, by including a prior conviction related to the conspiracy charge in his criminal history. We assume the parties' familiarity with the facts and the procedural history of the case.

Defendants were charged and convicted of two counts of a four-count indictment. In addition to the drug conspiracy count and the firearm count, the indictment included two counts related to the murder of Jason Henry in Virginia. Neither Thompson nor Clarke were included in those counts. Defendants argue that the drug operation in Virginia was part of a separate conspiracy from the drug operation in the Bronx. They contend that they were not part of the conspiracy in Virginia and therefore that the evidence of the murder of Jason Henry prejudiced them.

Where there has been no multiple conspiracy charge, "in order to secure a reversal for a failure to give a requested multiple-conspiracy charge, a defendant must show both that there was evidence of separate networks operating independently of each other and that he suffered substantial prejudice resulting from the failure to give the requested charge." *United States v. Maldonado–Rivera*, 922 F.2d 934, 962–63 (2d Cir.1990) (internal quotation marks omitted). Here, defendants provided no evidence of separate networks independent of the Larry Williams drug operation, despite Williams's moving the operation from the Bronx, to Virginia, and back again. Although they were not directly involved in the operation in Virginia, Thompson and Clarke were members of the conspiracy that operated in the Bronx. The Government demonstrated substantial overlap in personnel, methodology, and supply net-

works in Williams's operations in both locations. "[A] single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations." *United States v. Williams*, 205 F.3d 23, 33 (2d Cir.2000) (internal quotation marks omitted). "[I]n order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal. The coconspirators need not have agreed on the details of the conspiracy, so long as they agreed on the essential nature of the plan." *Maldonado–Rivera*, 922 F.2d at 963 (internal quotation marks and citations omitted). The Government established that both defendants joined Williams's conspiracy knowingly.

Even if it were seriously arguable that the Government had failed to establish that this was a single conspiracy, "we reverse a conviction only upon a showing of substantial prejudice, i.e. that the evidence proving the conspiracies in which the defendant did *not* participate prejudiced the case against him in the conspiracy to which he *was* a party." *United States v. Johansen*, 56 F.3d 347, 351 (2d Cir.1995) (emphasis in the original). In evaluating whether prejudice to a particular defendant has occurred, we consider several factors, including:

> (1) whether the trial court gave a jury charge, pursuant to *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), allowing the defendant to be convicted for substantive offenses committed by another; (2) whether statements of persons not in a conspiracy with the defendant were used against him; (3) whether there was a prejudicial 'spillover' because of a large number of improperly joined defendants; and (4) whether shocking or in-

flammatory evidence came in against the defendant.

*Id.* at 351. Defendants concede that the District Court did not issue a *Pinkerton* charge and no codefendants statements were offered against defendants. Both defendants focus on the allegedly "shocking and inflammatory" evidence presented at trial regarding the Henry murder in Virginia. However, neither Thompson nor Clarke was charged with participating in the murder or implicated by the evidence presented. The District Court's instructions to the jury made clear that only defendant Williams is charged with the murder.

█ As for defendants' contention that there was insufficient evidence to prove that they "use[d] or carrie[d] a firearm" during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), "defendant[s] making an insufficiency claim bear[ ] a very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). In assessing the sufficiency of the evidence, we consider the evidence in the light most favorable to the Government. *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002). Clarke's use of a gun in furtherance of drug offenses was well supported by testimony that he provided armed protection to the members of the drug conspiracy when conducting transactions. Evidence established that Thompson carried a handgun under the hood of his car when transporting drugs. There was sufficient evidence for a rational jury to "have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotation marks omitted).

█ Thompson argues separately that the admission of Clarke's post-arrest statements violated Thompson's Sixth Amendment right of confrontation. The argument is without merit; Clarke's statements were redacted to omit any reference to Thompson or any other defendant, and

the Court gave a limiting instruction that the statements were to be "considered only as against Clarke." The admission of the testimony did not violate the Confrontation Clause. *United States v. Sanin*, 252 F.3d 79, 85 (2d Cir.2001) ("a redacted statement in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names, and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a co-defendant's [Sixth Amendment] rights.").

██ Clarke argues separately that the Court erred in admitting the gun taken by police from his waistband at the time of his arrest because the arresting officer did not have the requisite reasonable suspicion before stopping him. We review the District Court's denial of a suppression motion for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Miller*, 148 F.3d 207, 213 (2d Cir.1998). Here, there is evidence to suggest that the initial conversation between Clarke and the officer was consensual, and that the encounter did not ripen into a detention until the officer noticed the bulge in Clarke's waistband which was revealed to be a firearm. We find no clear error in the District Court's decision.

## CONCLUSION

Upon a review of the record and the relevant law, we detect no error in the District Court's judgments of June 5, 2006 (Thompson) and July 30, 2006 (Clarke). We have considered all of defendants' claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the District Court.